**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus AYALA–MERCADO,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Juan Carlos Torres–Espinosa,
Defendant—Appellant.**

Nos. 03–30538, 03–30539.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Nov. 29, 2004.

Before: WALLACE, GOULD, and BERZON, Circuit Judges.

### MEMORANDUM *

Ayala–Mercado and Torres–Espinosa appeal from their judgment of conviction, subsequent to their conditional entry of guilty pleas, for possession with intent to distribute or dispense cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II). Pursuant to their conditional pleas, they argue that the district court improperly failed to suppress evidence seized from the vehicle they were found in. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction over this timely filed appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

■ The district court correctly held that the vehicle was properly stopped for speeding. From observations and odors easily detected from outside the vehicle, the district court properly held the officers were justified in investigating beyond the traffic violation.

■ The driver, Ayala–Mercado, signed two consent forms to allow the vehicle to be searched. One consent was in Spanish and one in English. The district court found Ayala–Mercado understood the Spanish form. That finding is not clearly erroneous. The form advised Ayala–Mer-

cado that he could withhold his consent. The district court properly held that Ayala–Mercado knowingly and voluntarily consented to the vehicle search.

■ Although the officers held the two for a substantial period of time, this was due to the officers' attempt to be careful and to secure a drug sniffing dog and a Spanish interpreter. Despite the unusually long delay between the time of the stop and the time when Ayala–Mercado signed the Spanish consent form, the delay did not violate the boundaries of an investigatory stop. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Castillo,* 866 F.2d 1071, 1082 (9th Cir.1988). During the stop, the police "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly." *United States v. Sharpe,* 470 U.S. 675, 686, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.